NUMBER 13-04-258-CV

 

                         COURT OF APPEALS         

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

JOYCE O=NEAL, INDIVIDUALLY 

AND AS REPRESENTATIVE OF THE 

ESTATE OF TIMOTHY O=NEAL, DECEASED;

AND ON BEHALF OF RAYMOND O=NEAL 

AND ALLISON O=NEAL, MINOR CHILDREN;

T.J. O=NEAL AND ERIN SELF,            
                                         Appellant,

 

                                                             v.                                

 

PETER COLDWELL, M.D.,                                                              Appellee.

 

      On
appeal from the 24th District Court of Refugio County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza 

                            Memorandum
Opinion by Justice Garza

 








Appellants sued appellee for medical negligence
following the death of Timothy O=Neal.  After
appellants filed an expert report pursuant to the Texas Medical Liability and
Insurance Improvement Act,[1]
appellee filed a motion to dismiss appellants=
claims with prejudice, contending that the expert report did not comply with
the Act because (1) appellants= expert, Brian S. Frist, M.D., was unqualified to
testify as an expert; (2) Dr. Frist=s report failed to state the standard of care
applicable to appellee=s treatment of O=Neal;
and (3) Dr. Frist=s report failed to state the causal relationship
between appellee=s deviation from the standard of care and the
injury, harm, and damages claimed by appellants.  The trial court granted appellee=s motion and dismissed appellants= claims with prejudice.  We reverse the trial court=s order and remand the case for further proceedings
consistent with this opinion.   








An expert report must represent only a good‑faith
effort to provide a fair summary of the expert=s
opinions.  Am. Transitional Care Ctrs.
of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2000).  A report need not marshal all the plaintiff=s proof, but it must include the expert=s opinion on each of the elements identified in the
statute:  standard of care, breach, and
causal relationship.  Id.  We conclude that Dr. Frist=s report represents a good faith effort to provide a
fair summary of his expert opinion on each of these elements.  According to the report, the standard of care
required appellee to hospitalize and monitor O=Neal
and to perform a thorough diagnostic cardiac evaluation, including isoenymes
and catherization.  Instead, appellee
discharged O=Neal from the emergency room without performing the
required diagnostic evaluations or diagnosing or treating his underlying
cardiac disease.  The report further
states that a full cardiac evaluation would have revealed that O=Neal had a focal lesion within his left anterior
descending artery.  The report states
that the lesion could have been addressed successfully with a stint placement,
by-pass surgery, or other cardiac modalities. 
Instead, the lesion went untreated and O=Neal
died from myocardial infarction due to atherosclerotic involvement of the left
anterior descending artery.  Dr. Frist=s report thus provides adequate information to
fulfill the two purposes of expert reports: (1) it informs the defendant of the
specific conduct the plaintiffs have called into question and (2) it provides a
basis for the trial court to conclude that the claims have merit.  See id. at 879.  








In the motion to dismiss, appellee also contended
that the report did not comply with the Act because Dr. Frist has no knowledge
of the accepted standards of medical care applicable to emergency medicine, the
treatment of emergency room patients, or the treatment of patients with chest
pain or cardiovascular disease.  In
short, appellee argued that Dr. Frist was not a qualified expert.  To qualify as an expert, an individual must
(1) be practicing medicine at the time the opinion is rendered or at the time
the claim arose; (2) have knowledge of accepted standards of medical care for
the diagnosis, care, or treatment of the illness, injury, or condition involved
in the claim; and (3) be qualified on the basis of training or experience to offer
an expert opinion regarding those accepted standards of medical care.[2]  Dr. Frist=s
curriculum vitae and report establish that he currently practices medicine and
has done so for over thirty years.  He is
certified by the National Board of Medical Examiners and the American Board of
Pathology in anatomic and clinical pathology.[3]  Dr. Frist=s
medical training and experience are substantial.  The record provides no basis upon which this
Court or the trial court could reasonably conclude that Dr. Frist=s extensive medical training and experience were
insufficient to establish his knowledge and qualification to offer expert
opinions regarding the accepted standards for the diagnosis, care, and
treatment of cardiac complications, such as the one involved in this case. 

Having concluded that appellee=s objections to the report are entirely without
merit, we further conclude that the trial court abused its discretion by
dismissing appellants= claims with prejudice.  See Palacios, 46 S.W.3d at 877
(stating that trial court=s ruling on a motion to dismiss for inadequate
expert report is reviewed for abuse of discretion).  The trial court=s
order is reversed and the case is remanded for further proceedings consistent
with this opinion.   

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Dissenting Memorandum Opinion

by Justice Errlinda Castillo.

 

Memorandum Opinion delivered and 

filed this the 21st day of July, 2005.











[1] See Act of May 30, 1977,
65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039 (as amended) (former Tex. Rev. Civ. Stat. art. 4590i ' 13.01), repealed by Act of
June 2, 2003, 78th Leg., R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at Tex. Civ. Prac. & Rem. Code '' 74.001 et seq.).





[2]  See note 1 supra.  





2  According to
Stedman=s Medical Dictionary, Apathology@ is Athe medical science, and specialty
practice, concerned with all aspects of disease, but with special reference to
the essential nature, causes, and development of abnormal conditions, as well
as the structural and functional changes that result from the disease
processes.@ 
Stedman=s Medical
Dictionary
(Lippincott, Williams & Wilkins, 25th ed. 1990).  AClinical pathology,@ in turn, is defined as 

 

(1) any part of the medical
practice of pathology as it pertains to the care of patients; (2) the
subspeciality in pathology concerned with the theoretical and technical aspects
(i.e., the methods and procedures) of chemistry, microbiology, parisitology,
immunobiology, hematology, and other fields as they pertain to the diagnosis
of disease and the care of patients, as well as to the prevention of
disease.

 

Id. (emphasis added).